(992 P.2d 1241)

No. 79,084

VELMA M. HENRICHS, Executrix of the Estate of GERTRUDE W. HOENER, Deceased, *Appellant,*

v.

PEOPLES BANK, PRATT, KANSAS, *Appellee.*

Opinion filed March 19, 1999.

*Greg L. Bauer*, of Law Offices of Bauer, Pike, Pike & Johnson, Chtd., of Great Bend, for appellant.

*David M. Rapp* and *Roger M. Theis*, of Hinkle, Eberhart & Elkouri, L.L.C., of Wichita, for appellee.

Before PIERRON, P.J., PADDOCK, S.J., and MATTHEW J. DOWD, District Judge, assigned.

PADDOCK, J.: Henrichs appeals the granting of summary judgment in favor of Peoples Bank (Bank) on her claim that the Bank negligently or knowingly allowed Ronald Hoener to wrongfully deplete Gertrude W. Hoener's funds. We affirm.

In 1988, Gertrude signed a signature card at the Bank giving Ronald authority to write checks on her account. She also executed a broad power of attorney making Ronald her attorney in fact. The power of attorney did, among other things, authorize Ronald to draw checks on her account, surrender for cash any of her certificates of deposit and, in general, to perform all acts that she could do.

The signature card that Gertrude signed giving Ronald access to her accounts directed the Bank to send her monthly bank statements to her in care of Ronald. The Bank complied with her request by mailing Gertrude's monthly bank statements to Ronald from 1988 until her death in 1995.

Gertrude entered a nursing home in 1990 but had never been declared incompetent or in any way incapable of managing her business affairs. In fact, it was uncontroverted that Gertrude was an astute business person who accumulated much of her property through her own efforts.

Between 1989 and 1993, $248,000 was withdrawn from Gertrude's checking account. Of that amount, $108,200 was withdrawn by checks signed by her and the balance withdrawn by checks signed by Ronald made payable to himself. Ronald also, pursuant to the power of attorney, liquidated certificates of deposit owned by Gertrude in a total amount of $259,942.

Our standard of review for determining the appropriateness of summary judgment has been so often stated that we need not repeat it here.

Henrichs argues that the district court erred in concluding that her claim against the Bank was barred by K.S.A. 84-4-406. This presents a question of law over which appellate courts have unlimited review. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

K.S.A. 84-4-406 provides in relevant part:

"(f) Without regard to care or lack of care of either the customer or the bank a customer who does not within one year after the statement [of account] or items [paid] are made available to the customer [subsection (a)] discover and report the customer's unauthorized signature or any alteration on the item is precluded from asserting against the bank the unauthorized signature or alteration."

The district court based its conclusion that Henrichs' claim was barred by K.S.A. 84-4-406 on facts that Gertrude's monthly bank statements were sent to Gertrude in care of Ronald and that the statements containing the transactions at issue were received by Ronald more than 1 year prior to the filing of this action.

Henrichs argues that K.S.A. 84-4-406 does not apply to this case because the bank had actual knowledge of Ronald's misappropriation of Gertrude's funds. She argues that the statute should not function to protect a culpable bank from an innocent account holder. The district court correctly determined Henrichs provided no evidence to support this contention. Furthermore, the statute indicates that a lack of care on the Bank's part is not a consideration.

Henrichs next argues that K.S.A. 84-4-406 requires that the Bank make its statement "available" to its customer. Henrichs infers this requirement was not met when the statements were mailed to Ronald. The signature card in which Gertrude gave Ronald access to her account states clearly that the statements were to be sent to Gertrude in care of Ronald. The Bank made the statements available to Gertrude by sending the statements to the address directed by Gertrude. Henrichs cannot successfully argue that under these circumstances the statements were unavailable to Gertrude.

The district court properly concluded K.S.A. 84-4-406 bars Henrichs' claims in this case concerning her bank accounts.

The district court also concluded that Henrichs' claims were time barred pursuant to K.S.A. 1998 Supp. 60-513(a)(4). Henrichs claims the Bank was negligent. Additionally, she alleges that injury was not ascertainable until within 2 years prior to the filing of this case. We disagree.

Henrichs' cause of action is based on the depletion of Gertrude's assets by Ronald. In September 1993, Gertrude and her family

members were informed by Gertrude's attorney that Gertrude was running out of money with which to pay for her care. As a result, Gertrude, with the advice of her attorney, was considering executing a power of attorney which would allow Ronald to sell some real estate, if necessary, to pay for her care. Therefore, Gertrude and her family were aware, as of September 1993, that Gertrude's assets had been mostly depleted and had, at that point, a duty to investigate. Henrichs' petition was not filed until June 1996. K.S.A. 1998 Supp. 60-513(a)(4) bars her claim.

Finally, Henrichs claims that the district court erred in concluding that Ronald's actions were authorized by the account signature card and the power of attorney. This claim is totally without merit. We have carefully examined the signature card and the power of attorney and find, contrary to Henrichs' claim, that those documents did authorize the transactions at issue.

Henrichs argues that even if the transactions were authorized, the Bank remains liable because it knew Ronald was misusing Gertrude's funds and knowingly participated in fraud. The finding by the district court that certain Bank employees had concerns about Ronald's actions does not create a material issue of fact as to whether the Bank knowingly participated in any fraud committed by Ronald. The district court concluded that Henrichs failed to present evidence to support her argument. We agree.

An appellant has the burden to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails. *McCubbin v. Walker*, 256 Kan. 276, 295, 886 P.2d 790 (1994). Assertions in an appellate brief are not sufficient to satisfy inadequacies in the record on appeal. *Smith v. Printup*, 254 Kan. 315, 353, 866 P.2d 985 (1993). We find no error.

Affirmed.